```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

TERRE BEACH, individually and
on behalf of all others
similarly situated,,

                Plaintiff,

           v.                         17 CV 563 (JMF)

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, et al.,

                Defendants.
------------------------------x
                                      New York, N.Y.
                                      April 24, 2018
                                      11:00 a.m.
Before:

                    HON. JESSE M. FURMAN,

                                      District Judge

                         APPEARANCES

NICHOLS KASTER, PLLP
BY:  KAI HEINRICH RICHTER
        -AND-
KESSLER TOPAZ MELTZER & CHECK LLP (PA)
BY:  PETER MUHIC
     MARK K. GYANDOH
        -AND-
KELLER ROHRBACK L.L.P.
BY:  ERIN M. RILEY
     Attorneys for Plaintiff

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP (NYC)
     Attorneys for Defendant
BY:  SUSAN LESLIE SALTZSTEIN
     MICHAEL S. HINES
```

```
 1                (Case called)
 2                THE DEPUTY CLERK:  Counsel, please state your name for
 3     the record.
 4                MR. RICHTER:  Kai Richter with Nichols Kaster.
 5                MR. MUHIC:  Good morning, your Honor.  Peter Muhic
 6     with Kessler Topaz Meltzer & Check.
 7                MR. GYANDOH:  Good morning, your Honor.  Mark Gyandoh
 8     with Kessler Topaz as well.
 9                MS. RILEY:  Erin Riley from Keller Rohrback.
10                MS. SALTZSTEIN:  Good morning, your Honor.  Susan
11     Saltzstein from Skadden, Arps.
12                MR. HINES:  Michael Hines from Skadden, Arps.
13                THE COURT:  Good morning to all of you.
14                Let me give you my decision on the motion to dismiss,
15     and then we can talk about a schedule going forward.
16                In my bottom-line order of March 29, 2018, I granted
17     defendant's motion to dismiss in part and denied it in part for
18     reasons to be explained orally today.
19                First, as noted, I found that plaintiffs'
20     disclosure-related claims fail as a matter of law.  ERISA
21     Rule 404a-5, upon which those claims are based, requires that a
22     "plan administrator provide to each participant or beneficiary"
23     certain specified plan-related information."  29 C.F.R. Section
24     2550.404a-5(c).
25                There is little dispute that defendants complied with
```

1   those requirements at the plan level, which is confirmed by the
2   exhibits appended to the second amended complaint or SAC.  See
3   docket number 55, Exhibits 4 and 5.
4         Instead, the parties' dispute turns largely on whether
5   Rule 404a-5 requires disclosure with respect to "the underlying
6   investments in the target date funds."  That is from
7   defendants' memorandum, docket number 59 at pages 16 to 17.
8   See SAC paragraph 241 and plaintiffs' opposition, which is
9   docket number 65, at page 16.
10        It is true, as plaintiffs argue, that "there is no
11  language in the regulations suggesting that target date funds
12  are exempt from revealing" the information in question, page 16
13  of the plaintiffs' opposition.  But nor is there language
14  requiring disclosure at the underlying investment level.  And
15  indeed, the Department of Labor has made clear that the current
16  regulation does not apply at that level by reserving on that
17  issue for future rule making.  See 29 C.F.R. Section
18  2550.404a-5(i)(4(), 75 Fed.Reg. 73987 at 73993 (November 30,
19  2010); see also *Terraza v. Safeway, Inc.*, 241 F.Supp. 3d 1057
20  at 1073 (N.D. Cal. 2017).
21        On top of that, the exhibits attached to the second
22  amended complaint indicate that defendants do disclose at least
23  some of the relevant information even with respect to the
24  underlying investments.  See SAC Exhibit 4 at page 70.
25  Accordingly, plaintiffs' disclosure claims must be and are or

1  were dismissed.

2      Plaintiffs' other claims are, however, sufficient.
3  First, plaintiffs' breach of fiduciary duty claims are
4  substantially similar to those that other courts have held to
5  be sufficient and survive motions to dismiss. See,
6  for example, *Terraza*, 241 F.Supp.3d at 1070 to 71 and 1075 to
7  81; *Maine v. American Airlines, Inc.*, 248 F.Supp.3d 786 at 792
8  to 93, (N.D. Tex. 2017); *Moreno v. Deutsche Bank Americas*
9  *Holding Corp.*, 2016WL 5957307, at pages 5 to 6, (S.D.N.Y.
10 October 13, 2016); *Leber v. Citigroup, Inc.*, 2010 WL 935442 at
11 page 13, (S.D.N.Y. Mar. 16, 2010).

12     Substantially for the reasons set forth in those
13 decisions, I find that plaintiffs' allegations here pass muster
14 too. *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009, and
15 the other cases upon which defendants rely do not call for a
16 different result.

17     For one thing, those decisions are distinguishable on
18 several grounds. See, for example *Terraza*, 241 F.Supp.3d at
19 1079 to 80. Second, and in any event, I am loathe to "adopt an
20 approach that would immunize an investment from scrutiny
21 simply because its expense ratio fell within a certain range."
22 Id. at 1078; see also *Fifth Third Bancorp v. Dudenhoeffer*, 134
23 S.Ct. 2459 at 2470 (2014) (emphasizing the need for "careful,
24 context-sensitive scrutiny of a complaint's allegations" in the
25 ERISA context). Nor does prohibited transaction exemption, or

1  PTE, 77-3, immunize defendants from plaintiffs' claims of
2  self-dealing.  See, for example, *Wildman v. American Century*
3  *Services, LLC*, 237 F.Supp.3d 902 at 13, (W.D. Mo. 2017)
4  rejecting a similar argument, *Maine*, 248 F.Supp.3d 792 to 93
5  doing the same.
6        I should note that some of defendants' other arguments
7  with respect to the breach of fiduciary duty claims strike me
8  as being on firmer ground, for instance, plaintiffs'
9  allegations with respect to the relationship between defendants
10 and BlackRock are indeed somewhat thin and arguably conclusory.
11       Along similar lines, plaintiffs' allegations that
12 defendants failed to implement a process to monitor plan
13 investments are arguably insufficient in light of *Pension*
14 *Benefit Guaranty Corp. v. Morgan Stanley Investment Management*
15 *Inc.*, 712 F.3d 705, (2d Cir. 2013).  But I need not and do not
16 reach those arguments now as the other allegations in the
17 second amended complaint are sufficient in and of themselves to
18 defeat defendants' motion as to claim one.
19       Plaintiffs' prohibited transactions claims are also
20 sufficient to survive defendants' motion to dismiss.  First,
21 given that defendants' arguments concerning the alleged
22 breaches of the duties of loyalty and prudence fall short,
23 their related arguments that they are exempt under either the
24 reasonable compensation exemption or the prohibited transaction
25 exemption also fall short.  On top of that, those exemptions

are affirmative defenses, see, for example, *Moreno*, 2016 WL 5957307, at page 6, and thus do not provide grounds for dismissal at this stage of the litigation unless they are clear from the face of the complaint, which is not the case here. See, for example, *Galin v. Hamada*, 2016 WL 2733132, at page 2 (S.D.N.Y. May 10, 2016).  ("A plaintiff is not required to anticipate potential affirmative defenses and to affirmatively plead facts in avoidance of such defenses.  Instead, a court may grant a motion to dismiss based on an affirmative defense only if, on the face of the complaint, the defense clearly applies."  (Internal quotation marks and citations omitted.))

One note on that front:  In their reply brief, defendants cite Judge Forrest's decision in *Sacerdote v. New York University*, 2017 WL 3701482 (S.D.N.Y. August 25, 2017), for the proposition that the payment of fees does not constitute a prohibited transaction.  See docket number 66 at page 9.

As far as I can tell, that argument was not made in defendants' initial brief, and, thus I decline to consider it here.  See, for example, *United States v. Barnes*, 158 F.3d 662 at 672, (2d Cir. 1998).  "Normally, we will not consider arguments raised for the first time in a reply brief."

Defendants' second argument that plaintiffs' claims are time barred is similarly without merit at this stage of the litigation.  The statute of limitations is also an affirmative

defense. See, for example, *Bethpage Water District v. Northrop Grumman Corp.*, 884 F.3d 118 at 125 (2d Cir. 2018), and plaintiffs explicitly allege in the second amended complaint that they lacked "knowledge of all material facts required to understand that defendants breached their fiduciary duties and engaged in other unlawful conduct in violation of ERISA until shortly before this suit was filed," SAC paragraph 21.

As my colleagues Judge Schofield and Judge Stein have found in similar circumstances, that is enough at this stage of the litigation. See, for example, *Moreno*, 2016 WL 5957308 at page 4 and *Leber v. Citigroup, 401(k) Plan Investment Committee*, 2014 WL 4851816 at page 3, (S.D.N.Y. September 30, 2014.)

Finally, defendants contend that certain of the defendants -- namely, the Bank, JPMorgan Chase, and the Compensation & Management Development Committee defendants -- do not qualify as fiduciaries. See defendants' memorandum at 22 to 25.

Although a somewhat close question, I find that that argument fails substantially for the reasons set forth on pages 23 to 25 of plaintiffs' memorandum of law.

As the Second Circuit held in *Coulter v. Morgan Stanley & Co.*, 753 F.3d 361 (2d Cir. 2014) (per curiam), a case that defendants themselves cite, "a person is a de facto fiduciary under ERISA 'to the extent' she, inter alia (a),

exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets,' or (b) 'has any discretionary authority or discretionary responsibility in the administration of such plan.'" That is at page 366 and quotes from 29 U.S. Code, Section 1002(21)(A).

In light of that broad definition, plaintiffs' allegation suffice, as the relevant defendants are alleged to have the authority to appoint the plan administrator and/or members of the selection committee, which, in turn, is tasked with appointing members of the employee plans investment committee which has "the exclusive power to manage, invest, and reinvest, including the power to acquire and dispose of, assets of the plan." See, for example, SAC paragraphs 26, 28, 31 to 41, and 46. See also, for example, *In re Polaroid ERISA litigation*, 362 F.Supp.2d 461 at 477, (S.D.N.Y. 2005). "An appointing fiduciary's duty to monitor is well-established"; *Liss v. Smith*, 991 F.Supp. 278 at 310, (S.D.N.Y. 1998). It is by now well-established that the power to appoint plan trustees confers fiduciary status.

So, for those reasons, the defendants' motion was granted in part, namely as to the disclosure claims, but otherwise denied.

With that, let's turn to the schedule. First I think, given my resolution of the motion and my reading of your other

1  materials, I don't think there is anything we need to discuss
2  by way of background before we talk about a schedule.  But if
3  you disagree or if there is anything you think I should know
4  before we proceed, I'm happy to take that up.
5         I should also say I don't normally have a court
6  reporter present for an otherwise standard initial conference.
7  I obviously did here for purposes of giving you my decision,
8  but I'm happy to stay on the record.  I'm happy to go off the
9  record.  Whatever you guys think.
10         Let's take that up first.
11         MR. GYANDOH:  I have no preference, your Honor.
12         THE COURT:  Does anyone think we should remain on the
13  record?
14         MS. SALTZSTEIN:  No, your Honor.
15         THE COURT:  We'll go off the record at this time and
16  proceed.
17         (Adjourned)