# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

500 BOYLSTON STREET
BOSTON, MASSACHUSETTS 02116-3740
———
TEL: (617) 573-4800
FAX: (617) 573-4822
www.skadden.com

DIRECT DIAL
(617) 573-4863
EMAIL ADDRESS
MICHAEL.HINES@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

January 24, 2020

*The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 201. SO ORDERED.*

*January 29, 2020*

**BY ECF**

Hon. Jesse M. Furman
United States District Judge
United States District Court
   for the Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

RE: <u>Beach, et al. v JPMorgan Chase Bank, NA., et al.</u>, 17-cv-00563-JMF

Dear Judge Furman:

     We represent Defendants in the above-referenced action. Pursuant to Paragraphs 3(A) and 7(C) of Your Honor's Individual Rules And Practices In Civil Cases, and in connection with Defendants' Motion for Partial Summary Judgment, we write to request leave to file Defendants' Reply Memorandum of Law in Further Support of Their Motion for Partial Summary Judgment (the "Memorandum") and the accompanying Response to Plaintiffs' Statement of Additional Material Facts With Respect to Defendants' Motion for Summary Judgment (the "Response") with redactions.

     The redactions in the Memorandum and the Response reflect deposition testimony and documents referencing the confidential actions, deliberations and analyses of a committee charged with monitoring the at-issue 401(k) plan's investments ("EPIC") and the internal consultants who assist EPIC ("RPIG"). In a similar ERISA litigation, the court granted defendants' motion to seal portions of plaintiffs' filing that referenced "confidential actions and

deliberations" of the committee responsible for monitoring that at-issue 401(k) plan and the advice of its third-party consultant, Mercer. *Baird v. BlackRock Institutional Tr. Co., NA.,* No. 17-cv-01892-HSG, 2019 WL 4168906, at *17 (N.D. Cal. Sept. 3, 2019). The court held that the sealed information was sensitive and proprietary because it contained "business and financial information relating to the operations" of the 401(k) plan sponsor. *Id.*(citations omitted); *see also Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.,* 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) (granting defendants' motion to seal because the information "to be sealed is confidential and [ ] the harm to defendants' competitive position that would result from disclosure outweighs the interest in public access"); *Playtex Prods., LLC v. Munchkin, Inc.,* No. 14-cv-1308 (RJS), 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) (granting defendant's narrow motion to seal information that "references confidential and sensitive business information"). Like in *Baird,* Defendants' narrow proposed redactions contain sensitive and confidential information about how EPIC and its consultant RPIG execute their responsibilities and specifics about their investment decisions.

In accordance with Paragraph 7(C) of Your Honor's Individual Practices, we are submitting to the Court for review the following documents:

1) an unredacted copy of the Memorandum and the Response; and

2) a copy of the Memorandum and the Response highlighting the information that has been redacted in the ECF filing.

Respectfully submitted,

/s/ Michael S. Hines

Michael S. Hines

cc: All counsel of record