UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TERRE BEACH, *et al.*, individually and on behalf
of themselves and all others similarly situated,  :

                Plaintiffs,  : Civil Action
                                   17-CV-00563-JMF
     v.  :

JPMORGAN CHASE BANK, NATIONAL  :
ASSOCIATION, JPMORGAN CHASE &
COMPANY, *et al.*,  :

                Defendants.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR <u>PRELIMINARY APPROVAL OF SETTLEMENT</u>**

WHEREAS, an Employee Retirement Income Security Act of 1974 ("ERISA") class action is pending in this Court entitled *Beach, et al., v. JPMorgan Chase Bank, N.A., et al.*, 1:17-cv-00563-JMF (the "Action");

WHEREAS, On June 11, 2019, this Court certified the following class under Federal Rules of Civil Procedure 23(a) and (b)(1)(B):

> All persons, except Defendants and any other persons with responsibility for the Plan's investment menu, who were participants in or beneficiaries of the Plan, at any time between January 25, 2011 and the present (the "Class Period"), and whose individual accounts were invested in one or more of the following funds: the Growth and Income Fund; the Mid Cap Value Fund; the Mid Cap Growth Fund; the Small Cap Core Fund, but only if the investment occurred before December 19, 2015; the Core Bond Fund, but only if the investment occurred before March 12, 2016; and any of the Target Date Funds, but only if the investment occurred before April 1, 2016.

ECF No. 132.

WHEREAS, on June 11, 2019, the Court further determined that Antoinette Fondren, Ferdinand Orellana, William Stirsman, and Sean Daly ("Class Representatives" or "Plaintiffs") were adequate class representatives, and appointed them to represent the defined class as such, and appointed Kessler Topaz Meltzer & Check, LLP as Class Counsel.

WHEREAS, Class Representatives, on behalf of themselves and the other members of the Class, and Defendants JPMorgan Chase Bank, National Association, JPMorgan Chase & Company, Compensation & Management Development Committee of the Board of Directors for JPMorgan Chase & Company (the "CMDC"), Selection Committee, Employee Plans Investment Committee (the "EPIC"), J.P. Morgan Investment Management Inc., Head of Human Resources for JPMorgan Chase & Company, Chief Financial Officer for JPMorgan Chase & Company, Benefits Director of JPMorgan Chase & Company, Terry Belton, Bernadette Branosky, Corinne Burger, Sally Durdan, Thelma Ferguson, Tom Horne, Bei Ling, Pablo Sanchez, Erik Umlauf,

David Watson, Michael Weinbach, Stephen B. Burke, Lee R. Raymond, William C. Weldon, John C. Donnelly, and Marianne Lake (collectively, the "Defendants," and, together with Plaintiffs, on behalf of themselves and the other members of the Class, the "Parties") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Class Action Settlement Agreement, dated May 20, 2020 (the "Settlement Agreement"), subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Settlement Agreement and providing for notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Settlement Agreement and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Settlement Agreement.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(l).

2. Venue before the Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

3. **Preliminary Approval of the Settlement.** The Court has considered each of the factors identified in Fed. R. Civ. P. 23(e)(2) and in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), and based thereon, concludes that it will likely be able to approve the terms set forth in the Settlement Agreement.  Accordingly, the Court hereby

preliminarily approves the Settlement, subject to further consideration at the Fairness Hearing which it has scheduled as set forth below, and authorizes the mailing of notice of the proposed Settlement and Fairness Hearing to Class Members in the form and manner approved by this Order. The Court further finds that the method proposed by Plaintiffs and Class Counsel for allocating the Net Settlement Amount among Class Members is fair and reasonable.

4. **Fairness Hearing.**  The Court will hold a settlement hearing (the "Fairness Hearing") on [_____] at the United States District Court for the Southern District of New York, located at Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, for the following purposes (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court; (b) to determine whether the motion by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved; and (c) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Fairness Hearing shall be given to Class Members as set forth in this Order.

5. The Court may adjourn the Settlement Hearing or decide to hold the Settlement Hearing telephonically without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

6. **Retention of Settlement Administrator.** The Court approves the retention by Class Counsel of Analytics Consulting, LLC, as the Settlement Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the

3

distribution of the Net Settlement Amount.

7. **<u>Approval of Form and Manner of Giving Notice.</u>**  The Court approves the Notice of Proposed Class Action Settlement ("Notice") and the Former Participant Rollover Form in the forms attached as Exhibits A and B, respectively, to the Settlement Agreement. Notice of the Settlement and the Settlement Fairness Hearing shall be given by Class Counsel as follows:

(a) No later than fourteen (14) calendar days after the entry of this Order, or by such other deadline as specified by the Court, the Company shall cause the Recordkeeper (or its designee) to provide to the Settlement Administrator all information necessary to disseminate the Notice to Class Members and implement the Plan of Allocation.

(b) No later than thirty (30) calendar days after the entry of this Order, or by such other deadline as specified by the Court, the Settlement Administrator shall send the Notice by first-class mail, postage prepaid to Class Members.  The Notice shall also be posted to the Settlement website: www.JPMorganERISAfeesettlement.com.

(c) The Court finds that the Notice to be provided as set forth in this Order is the best means of providing notice to the Class Members as is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by or entitled to participate in the Settlement, the hearing on the motion for fees, or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

(d) All reasonable costs incurred by Plaintiffs' Counsel or the Settlement

4

Administrator for providing the Notice as well as for administering the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

8. **Participation in the Settlement**. The benefits of the Settlement will be distributed once the Court approves the Settlement, either to Class Members' Plan accounts (for current Plan participants) or by check (for former Plan participants, and eligible beneficiaries or alternate payees). Class Members who are former Plan participants may choose to receive their Settlement payment through a rollover to a qualified retirement account by completing, signing, and mailing the Former Participant Rollover Form (attached as Exhibit B to the Settlement Agreement) within ten (10) calendar days prior to the Fairness Hearing.

9. **Objections to the Settlement.** The Court will consider written comments and objections to the Settlement Agreement or to Class Counsel's request for any Attorneys' Fees and Expenses and Incentive Awards only if such written comments or objections are filed with the Court Clerk no later than fifteen (15) calendar days before the Fairness Hearing, and are served on the Parties at the following addresses:

For Filing with the Court:

> Clerk of Court
> Thurgood Marshall
> United States Courthouse
> 40 Foley Square
> New York, NY 10007

5

To Class Counsel:

> Joseph H. Meltzer
> **KESSLER TOPAZ**
>   **MELTZER & CHECK, LLP**
> 280 King of Prussia Road
> Radnor, Pennsylvania 19087

To Defendants' Counsel:

> James R. Carroll
> **SKADDEN, ARPS, SLATE,**
>   **MEAGHER & FLOM LLP**
> 500 Boylston Street
> Boston, Massachusetts 02116

10. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

11. Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Fairness Hearing either in person or through qualified counsel retained at their own expense. Those persons or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the Class Member (and, if applicable, the name, address, and telephone number of that Class Member's attorney) on Class Counsel and Defendants' Counsel (at the addresses set out above) and file it with the Court Clerk no later than seven (7) calendar days prior to the Fairness Hearing. Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court for good

cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Class Member or that Class Member's counsel.

12. The Parties may file written responses to any objections not later than five (5) days prior to the Fairness Hearing.

13. Not later than fourteen (14) calendar days prior to the date by which objections are due, Class Counsel shall submit their papers in support of final approval of the Settlement Agreement and Class Counsel's application for an Award of Attorneys' Fees and Expenses and Incentive Awards.

14. **Stay and Temporary Injunction.** The Court hereby stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Further, pending final determination of whether the Settlement should be approved, the Court bars and enjoins (i) Plaintiffs from commencing or prosecuting any and all of the Plaintiffs' Released Claims against each and all of the Released Defendant Parties, and (ii) Defendants from commencing or prosecuting any and all of the Defendants' Released Claims against each and all of the Released Plaintiff Parties.

15. **Settlement Administration Fees and Expenses.** All reasonable costs incurred in identifying Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Settlement Agreement without further order of the Court.

16. **Settlement Fund.** The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of

the Court, until such time as they shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court

17. **Taxes**. Class Counsel, through the Settlement Administrator, are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

18. **Termination of Settlement.** This Order shall become null and void, *ab initio,* and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective statuses as of the filing of the Complaint, prior to this Settlement, if the Settlement Agreement is terminated in accordance with the terms of the Settlement Agreement.

19. **Use of Order.** This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any individual or entity. This Order (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any Defendant of, wrongdoing or liability in the Action or any other proceeding; (b) is not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable; (e) shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may

have, including, but not limited to, any objections by Defendants to class certification in the event that the Settlement Agreement is terminated. This Order and the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Defendants specifically deny any fault, breach, liability or wrongdoing.

20. **CAFA Notice.** As set forth in the Settlement Agreement, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b)-(c), Defendants, through the Settlement Administrator, shall serve the CAFA notice upon the appropriate federal and state officials. All costs and expenses related to CAFA notice shall be an Administrative Expense.

21. The Court finds that the Court will likely be able to approve the proposed Settlement under Federal Rule of Civil Procedure 23(e)(2).

22. The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

**SO ORDERD** this _____ day of _____, 2020.

_____
Jesse M. Furman
United States District Judge