## Skadden, Arps, Slate, Meagher & Flom LLP

500 BOYLSTON STREET
BOSTON, MASSACHUSETTS 02116
———
TEL: (617) 573-4800
FAX: (617) 573-4822
www.skadden.com

DIRECT DIAL
617-573-4801
DIRECT FAX
617-305-4801
EMAIL ADDRESS
JAMES.CARROLL@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

July 28, 2020

> Application GRANTED. The fairness hearing remains scheduled for September 22, 2020, at 3:30 p.m. While the Court reserves judgment on whether to grant final approval of the settlement, any approval would be deferred until October 7, 2020. The Clerk of Court is directed to terminate ECF No. 216. SO ORDERED.
>
> *[signature]*
>
> July 28, 2020

**BY ECF**

Hon. Jesse M. Furman
United States District Judge
United States District Court
   for the Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

RE:   *Beach, et al. v JPMorgan Chase Bank, N.A., et al.*, 17-cv-00563-JMF

Dear Judge Furman:

      We represent Defendants in the above-referenced action and write jointly with Plaintiffs to inform the Court of an administrative error that delayed notice of the Settlement Agreement being provided to the Attorneys General of certain states pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"). As set forth below, to allow the CAFA 90-day notice provision to elapse with respect to all states, including those that were delayed in receiving the notices, the parties jointly request that the Court proceed with the Fairness Hearing as scheduled on September 22, 2020, but hold its decision as to Plaintiffs' forthcoming motion for final approval of the Settlement in abeyance until at least October 7, 2020.

      CAFA provides that "[n]ot later than 10 days after a proposed settlement of a class action is filed in court, each defendant" shall serve papers related to the settlement on appropriate state and federal officials. 28 U.S.C. § 1715(b). CAFA further provides that "[a]n order giving final approval of a proposed settlement may not be issued earlier than 90 days after" notice is served. *Id.* § 1715(d).

Hon. Jesse M. Furman
July 28, 2020
Page 2

Consistent with CAFA, the Settlement Agreement provides that "Defendants, through the Settlement Administrator, shall provide appropriate notice of this Settlement Agreement" to federal and state officials by June 1, 2020 -- ten days after Plaintiffs filed the Settlement Agreement with the Court. (*See* ECF No. 212-1.) In light of the ongoing COVID-19 pandemic, fifteen states' Attorney General offices previously indicated to the Settlement Administrator (Analytics Consulting LLC, "Analytics") that they preferred to be served the required notices by e-mail rather than by mail. (Declaration of Richard W. Simmons at ¶ 5, cited as "Simmons Decl. at __," submitted herewith).[1]

On June 2, 2020, Analytics informed Defendants that service was completed on all state and federal officials, including those who selected to be served via e-mail, on June 1, 2020. (*Id.* at ¶ 8.) However, on July 9, 2020 Analytics discovered, after a routine review of its CAFA notice process, that due to a miscommunication between two internal groups CAFA notices had not been sent to the fifteen states' Attorneys General who elected to receive e-mail service. (*Id.* at ¶ 9.) Analytics promptly corrected the error, and served the fifteen Attorney General offices on July 9, 2020. (*Id.* at ¶ 10.)

In similar circumstances, courts have proceeded with the fairness hearing as scheduled, but allowed the CAFA 90-day notice period to elapse prior to granting final approval. *See In re Processed Egg Products Antitrust Litigation*, 284 F.R.D. 249, 258 n. 12 (E.D. Pa. 2012); *Wilcox v. Swapp*, No. 2:17-CV-275-RMP, 2020 WL 2110411, at *2 (E.D. Wash. Apr. 22, 2020); *Gatdula v. CRST Int'l, Inc.*, No. CV 11-01285 VAP (OPx), 2015 WL 12697656, at *12 (C.D. Cal. Aug. 26, 2015). For example, in *In re Processed Egg Products Antitrust Litigation*, the court explained that "although the notice requirements under CAFA have not been fully met on a technical basis, the substance of the requirements have been satisfied insofar as giving federal and state officials sufficient notice and opportunity to be heard concerning the . . . [s]ettlement." 284 F.R.D. at 258 n. 12. Similarly, in *Wilcox*, the court reasoned "as long as the relevant government officials are allowed ninety days to object to the settlement, the notice requirement has served its purpose." 2020 WL 2110411, at *2.

Accordingly, we respectfully request that the Court proceed with the Fairness Hearing as scheduled on September 22, 2020 and as indicated in the Notice that has already been distributed to class members, but hold its decision on final settlement approval in abeyance until October 7, 2020.

Respectfully submitted,

/s/ James R. Carroll

James R. Carroll

cc:  All counsel of record

---

[1]   The fifteen states are Alaska, Arizona, Arkansas, Idaho, Maryland, Missouri, Nebraska, New Jersey, New York, North Dakota, Pennsylvania, South Dakota, Utah, Washington, and Wyoming.