UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
TERRE BEACH, *et al.*, individually and on behalf
of themselves and all others similarly situated,             :

                              Plaintiffs,      :  Civil Action
                                                  17-CV-00563-JMF
          v.                                    :

JPMORGAN CHASE BANK, NATIONAL     :
ASSOCIATION, JPMORGAN CHASE &
COMPANY, *et al.*,                             :

                              Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT AND DISMISSAL**

WHEREAS, Plaintiffs Antoinette Fondren, Ferdinand Orellana, William Stirsman and Sean Daly (collectively "Plaintiffs") in the above captioned-lawsuit (the "Action") on behalf of themselves and the Class[1] and Defendants JPMorgan Chase Bank, National Association, JPMorgan Chase & Company, Compensation & Management Development Committee of the Board of Directors for JPMorgan Chase & Company (the "CMDC"), Selection Committee, Employee Plans Investment Committee (the "EPIC"), J.P. Morgan Investment Management Inc., Head of Human Resources for JPMorgan Chase & Company, Chief Financial Officer for JPMorgan Chase & Company, Benefits Director of JPMorgan Chase & Company, Terry Belton, Bernadette Branosky, Corinne Burger, Sally Durdan, Thelma Ferguson, Tom Horne, Bei Ling,

---

[1] All capitalized terms have the meaning assigned to them in Article 1 of the *Settlement Agreement*, unless otherwise specified herein.

Pablo Sanchez, Erik Umlauf, David Watson, Michael Weinbach, Stephen B. Burke, Lee R. Raymond, William C. Weldon, John C. Donnelly, and Marianne Lake (the "Defendants"), have entered into a Class Action Settlement Agreement dated May 20, 2020, that, subject to the final approval of this Court, provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendants by Class Members[2] on the terms and conditions set forth in the Settlement Agreement;

WHEREAS, by Order dated May 26, 2020 (ECF No. 213) (the "Preliminary Approval Order"), this Court preliminarily approved the Settlement and further: (1) approved the proposed form and manner of Notice and authorized distribution of the Notice; (2) appointed Analytics Consulting, LLC to serve as Settlement Administrator for purposes of dissemination of the approved Notice and administration of the Settlement; (3) appointed The Huntington National Bank to serve as Escrow Agent; (4) established deadlines for the filing of motions in support of Final Approval, applications for an award of attorneys' fees, reimbursement of expenses and Plaintiffs' service awards; and (5) scheduled the Fairness Hearing for September 22, 2020;

WHEREAS, in accordance with the deadlines established in the Preliminary Approval Order, Plaintiffs filed a Motion for Final Approval of the Settlement on August 21, 2020, with supporting submissions;

WHEREAS, the Court has considered all papers filed and proceedings held in connection with the Settlement, including the arguments presented during the Fairness Hearing on September 22, 2020;

---

[2] The definition of the Class varies from the definition of the Certified Class in that the end date of the Class Period is the date of this Final Approval Order rather than "the present."

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Class.

2. The certified Class is, consistent with this Court's Order of June 11, 2019, as follows:

All persons who were participants in or beneficiaries of the Plan, at any time between January 25, 2011 and October 7, 2020, and whose individual accounts were invested in one or more of the following funds: the Growth and Income Fund; the Mid Cap Value Fund; the Mid Cap Growth Fund; the Small Cap Core Fund, but only if the investment occurred before December 19, 2015; the Core Bond Fund, but only if the investment occurred before March 12, 2016; and any of the Target Date Funds, but only if the investment occurred before April 1, 2016. Excluded from the Certified Class are Defendants and any individuals who were members of the EPIC, the Retirement Plans Investment Group, the CMDC, or the Selection Committee between January 25, 2011 and the date of the Settlement Agreement.

## Notice of the Settlement and Reaction of the Class

3. The Court finds that the dissemination of the Notice: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise all Class Members of (a) the pendency of the Action, (b) the effect of the Settlement (including the releases provided for therein), (c) Plaintiffs' Counsels' motion for an award of attorneys' fees and reimbursement of litigation expenses and case contribution/service awards, (d) their right to object to the Settlement, and (e) their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution including the Due Process Clause, and all other applicable law and rules.

4.      The Class responded positively to the Notice with only one Class Member filing an objection to the Settlement.

5.      The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were satisfied as of October 7, 2020.

**Final Approval of the Settlement and the Plan of Allocation**

6.      Pursuant to FED. R. CIV. P. 23(e), and upon consideration of the factors set forth in FED. R. CIV. P. 23(e)(2) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), the Court hereby approves the Settlement, and finds that it is, in all respects, fair, reasonable, adequate, and in the best interest of Class Members. More particularly, the Court finds that:

a.      the Class was adequately represented in the prosecution of this action and in connection with the negotiation of the Settlement by Class Counsel and the Class Representatives;

b.      the Settlement was negotiated vigorously, in good faith and at arm's-length by experienced and knowledgeable counsel for the Defendants, on the one hand, and the Plaintiffs and Plaintiffs' Counsel on behalf of the Class, on the other hand;

c.      this action was significantly advanced at the time the Settlement was negotiated and therefore, Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the action;

d.      if the Settlement had not been achieved, Plaintiffs and the Defendants faced expense, risk, and uncertainty in connection with further litigation and trial;

e.      the amount of the monetary relief provided to the Class by the Settlement, nine million dollars ($9,000,000.00), is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal;

      f.      the method of distributing the Net Settlement Amount to the Class is efficient and effective, relying on Defendants' records and requiring no filing of claims;

      g.      the Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv), and

      h.      the Gross Settlement Amount is within the range of settlement values obtained in similar cases and, at all times, the Plaintiffs and Plaintiffs' Counsel have acted independently of Defendants and in the interest of the Class.

7. The Plan of Allocation set forth in Article V of the Settlement Agreement treats Class Members equitably relative to one another and is finally approved as fair, reasonable, and adequate. Class Counsel shall direct distribution of the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement.

8. Class Members having been provided Notice of the Settlement terms, including provisions for the request of attorneys' fee and expense awards and service awards to the class representatives, reacted positively to the Settlement. The Court has considered and overrules the one objection filed.

9. Based upon the foregoing, which takes into account each of the factors specified in Rule 23(e)(2), the Court finds that the Settlement and Plan of Allocation provided for therein are fair, reasonable and adequate and finally approved. The Parties are directed to promptly administer the Settlement in accordance with its terms.

### Dismissal of Claims

10. As of the Effective Date, pursuant to Fed. R. Civ. P. 54(b), all of the claims asserted in this Action against Defendants by Plaintiffs and Class Members are hereby dismissed with

prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

## Releases

11. The terms of the Settlement Agreement and of this Judgment shall be forever binding on Defendants, Plaintiffs and all Class Members, as well as their respective heirs, executors, administrators, predecessors, successors and assigns.

    a. **Releases:** The releases set forth in the Settlement Agreement, including but not limited to Article VII of the Settlement Agreement (the "Releases"), together with the definitions contained in Paragraphs 1.18 ("Defendants' Released Claims") and 1.39 ("Plaintiffs' Released Claims") of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, the Court orders that, as of the Effective Date, the Plaintiffs and each of the other Class Members, on behalf of themselves and their respective officers, directors, heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall, with respect to each and every Plaintiffs' Released Claim, be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Plaintiffs' Released Claim against the Defendants and the other Released Defendant Parties and shall forever be enjoined from prosecuting any or all of the Plaintiffs' Released Claims against any of the Released Defendant Parties as more fully set forth in the Settlement Agreement; and

    b. Each of the Defendants, on behalf of themselves and their respective officers, directors, heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall, with respect to each and every Defendants' Released Claim, be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice each and every Defendants' Released Claim against Released Plaintiff Parties and shall forever be enjoined from prosecuting any or all of the Defendants' Released Claims against the Released Plaintiff Parties, as more fully set forth in the Settlement Agreement.

### Additional Findings and Decrees

12.    **Bar Order**: Upon the Effective Date, all persons and entities shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any and all claims, actions, suits, causes of actions, arbitrations, or demands in any forum against any of the Parties for recovery, contribution, indemnification or otherwise for any damages allegedly arising from any of the Released Claims as defined in the Settlement Agreement.

13.    **Incorporation of Settlement Documents**: This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on May 22, 2020 [ECF No. 212-1], including the Plan of Allocation set forth in Article V thereof, and (b) the Notice approved by the Court on May 26, 2020.

14.    **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Action against Defendants by Class Members.

**Retention of Jurisdiction**

15.     Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and litigation expenses by Plaintiffs' Counsel in the Action that will be paid from the Settlement Fund; (d) the Class Members for all matters relating to the Action; (e) the enforcement of the Bar Order against any person; and (f) the interpretation, implementation and enforcement of this Judgment.

A separate order shall be entered on the motion of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses and Plaintiff service awards. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.     **Modification of Settlement Agreement.** Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.     **Termination:** If the Effective Date does not occur or the Settlement is terminated as provided in the Settlement Agreement, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

## Entry of Final Judgment

18.     The Clerk of the Court is expressly directed to enter this Final Judgment and Order of Dismissal judgment pursuant to Fed. R. Civ. P. 58 of the Federal Rules of Civil Procedure, to terminate ECF No. 219, and to close this case.

SO ORDERED.

Dated: October 7, 2020
       New York, New York

_____
JESSE M. FURMAN
United States District Judge